IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KARIN JACOBS, ET AL. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-04-CV-1968-D |
| | § | |
| WILLIAM K. TAPSCOTT, JR., ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ORDER**

Defendants William K. Tapscott, Jr. ("Tapscott") and Baron & Budd, P.C. ("B&B") have filed a motion to compel discovery. For the reasons stated herein, the motion is granted in part and denied in part.

This is a federal diversity action brought by Plaintiffs Karin Jacobs, Patria Jacobs, and JoeAnn Frost against their former attorney, Tapscott, and his law firm, B&B, for professional negligence, misrepresentation, breach of fiduciary duty, and breach of contract. The gravamen of plaintiffs' complaint is that Tapscott, who represented all three plaintiffs in a products liability suit against various asbestos manufacturers, failed to disclose that many of the manufacturers were in poor financial condition and unable to honor their settlement obligations. The settlement at issue was negotiated by Tapscott and B&B on behalf of plaintiffs in late 1998 or early 1999. Around the same time, Frost retained another attorney, W. Matthew Carver, to assist her in communicating with B&B and to negotiate a division of the settlement proceeds with the other plaintiffs. Although plaintiffs eventually received settlement monies from B&B, they believe that approximately $350,000 has been withheld. Plaintiffs further allege that they would not have agreed to settle with

all the asbestos manufacturers and insisted on going to trial had they known the true financial condition of the insolvent manufacturers.

As part of discovery in the federal action brought plaintiffs, defendants requested certain documents from plaintiffs and Carver. Once such request seeks, *inter alia*:

> All documents sent to or received from Matthew Carver, Kathleen Slaydon, Scott Bickford, and Ray Owen from 1998 to the present related to, in connection with or concerning the prosecution of Plaintiff's claims for the death of Carl Jacobs, including, without limitation, the lawsuit filed in Galveston and Baron & Budd's prosecution of such action and its handling of their claims and any bankruptcies related thereto.

(Def. Mot., Exh. A). Although plaintiffs have produced some documents in response to this discovery request, other documents have been withheld based on the attorney-client privilege.[1] Defendants maintain that this privilege does not apply or, alternatively, that the privilege has been waived by "offensive use" of the documents to prosecute this action. The parties have briefed their respective positions in an Amended Joint Status Report filed on April 21, 2006, and plaintiffs have tendered 96 pages of documents to the court for an *in camera* inspection. The motion to compel is now ripe for determination.

Under Texas law, which governs the resolution of privilege issues in this diversity case,[2] the

---

[1] In their privilege log, plaintiffs also claimed that certain documents constituted attorney work product. (*See* Def. Mot., Exh. C at 3-4). However, plaintiffs offer no evidence or argument to support this claim in their portion of the joint status report. Nor do the documents themselves reveal that they were prepared "in anticipation of litigation." *See* FED. R. CIV. P. 26(b)(3). Even Carver acknowledged at his deposition that none of the documents were attorney work product. (*See* Def. Mot., Exh. D at 2).

[2] Fed. R. Evid. 501 provides, in pertinent part:

> [I]n civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

FED. R. EVID. P. 501.

elements of the attorney-client privilege are: (1) a confidential communication; (2) made for the purpose of facilitating the rendition of professional legal services; (3) between or amongst the client, lawyer, and their representatives; and (4) the privilege has not been waived. TEX. R. EVID. 503(b); *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 473 (N.D. Tex. 2004) (Kaplan, J.) (citing cases). The burden is on the party asserting the privilege to demonstrate how each document or communication satisfies these elements. *Id.* A general allegation of privilege is insufficient to meet this burden. *Id.* Instead, "a clear showing must be made which sets forth the items or categories objected to and the reasons for that objection." *Navigant Consulting*, 220 F.R.D. at 473, *quoting Caruso v. The Coleman Co.*, Civ. A. No. 93-CV-6733, 1995 WL 384602 at *1 (E.D. Pa. Jun. 22, 1995). The proponent must provide sufficient facts by way of detailed affidavits or other evidence to enable the court to determine whether the privilege exists. *Id.* Although a privilege log and an *in camera* review of documents may assist the court in conducting its analysis, a party asserting the privilege still must provide "a detailed description of the materials in dispute and state specific and precise reasons for their claim of protection from disclosure." *Id.*, *quoting Pippenger v. Gruppe*, 883 F.Supp. 1201, 1212 (S.D. Ind. 1994). "[R]esort to an *in camera* review is appropriate only *after* the burdened party has submitted detailed affidavits and other evidence to the extent possible." *Navigant Consulting*, 220 F.R.D. at 474, *quoting Caruso*, 1995 WL 384602 at *1 (emphasis in original).

      The court notes at the outset that plaintiffs have failed to adduce *any* evidence, other than the documents themselves, to establish their claim of privilege. There is no affidavit from Carver or Frost describing the nature of their relationship or the scope of any legal representation. Nor do plaintiffs attempt to show how the attorney-client privilege applies to each document withheld from production. Notwithstanding this failure of proof, which would justify overruling plaintiffs'

objections in their entirety, the court has labored through the 96 pages of documents tendered by plaintiffs in an attempt to glean information that might shed additional light on the privilege issues raised by the instant motion. Some of the documents, such as copies of statutes and case law, transmittal letters, and fax cover sheets, contain no confidential information and clearly are not privileged. (*See* Frost Docs. #555, 564, 573-89, 606, 640, 701, 702, 730, 745-61, 763-69). Other documents, such as correspondence between Frost and Carver discussing the Family Settlement Agreement and the distribution of settlement proceeds among the plaintiffs, are privileged on their face. (*See* Frost Docs. #562-63, 595-96, 600, 601-02, 603-05, 641, 658, 690, 693, 694, 697, 738).[3] In most instances, however, the court has been left to speculation and guess-work in interpreting the documents. Although some documents contain information that may have been communicated to or from Carver for the purpose of facilitating the rendition of professional legal services, (*see* Frost Docs. #556-61, 565-70, 571-72, 590, 593, 597, 598-99, 731-33, 739, 740-43, 744, 762, 770-71), the court is unable to reach such a conclusion based on the documents themselves. *See Navigant Consulting*, 220 F.R.D. at 474, *citing Pippenger*, 883 F.Supp. at 1212 (attempt to determine existence of privilege absent adequate factual foundation wastes judicial time and resources). Without evidence explaining these documents and the information contained therein, plaintiffs cannot prove that the documents are privileged.

---

[3] Defendants argue that plaintiffs have waived any privilege by "offensive use" of the documents. More particularly, defendants contend that the documents are relevant to show the information that Carver imparted to Frost about "the financial weakness and bankruptcies of the underlying asbestos defendants and to explain the effects of such financial developments on the total settlements that Plaintiff Frost authorized." (Def. Mot. at 3, ¶ 2). None of the documents the court has found to be privileged contains any information about the financial condition of the asbestos manufacturers, much less information that is outcome determinative of this issue. *See Navigant Consulting*, 220 F.R.D. at 478, *citing Republic Insurance Co. v. Davis*, 856 S.W.2d 158, 163 (Tex. 1993) ("The confidential communication must go to the very heart of the affirmative relief sought.").

**CONCLUSION**

Defendants' motion to compel discovery is granted in part and denied in part. The motion is denied with respect to Frost Docs. #562-63, 595-96, 600, 601-02, 603-05, 641, 658, 690, 693, 694, 697, and 738. In all other respects, the motion is granted. All documents withheld by plaintiffs, other than Frost Docs. #562-63, 595-96, 600, 601-02, 603-05, 641, 658, 690, 693, 694, 697, and 738, shall be produced to counsel for defendants by **May 12, 2006.**

SO ORDERED.

DATED: May 1, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE